UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>John M. Williams, Jr.; Arizona Public Service Co.; the Salt River Project; Public Service Company of New Mexico; and El Paso Electric Co.,<br><br>Defendants. | Case No.  CV 11-00689-PHX-GMS<br><br>**CONSENT DECREE** |

Pending before the Court is the United States' Motion to Enter Consent Decree (Doc. 8), and good cause appearing,

**IT IS HEREBY ORDERED** granting the Motion.

///

///

///

## I. BACKGROUND

A. Plaintiff United States of America, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), has filed a Complaint initiating this action pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Gila River Indian Reservation Removal Site, also referred to as the Gila River Boundary Site ("the Site"), in Maricopa County, Arizona, against Defendants John M. Williams, Jr., Arizona Public Service Co., the Salt River Project, Public Service Company of New Mexico, and El Paso Electric Co. ("Settling Defendants"), as potentially responsible parties ("PRPs") at the Site.

B. The Site was the subject of a removal action conducted by EPA in 2004-05 pursuant to Section 104(a) of CERCLA and the National Oil and Hazardous Substances Pollution Contingency Plan. In 2002, the Gila River Indian Community, Department of Environmental Quality, requested that EPA assess the Site for contamination. The assessment revealed that the Site soil contained elevated levels of toxaphene, a pesticide historically used on agricultural fields in the vicinity of the Site. EPA undertook a removal action, which successfully brought the toxaphene concentration in the soil down to levels that did not pose a threat to human health and the environment. In the process of conducting the removal action, EPA incurred costs of $1,000,417.01, and subsequently requested payment of that amount from the PRPs.

C. Defendant John M. Williams, Jr. ("Williams") served notice of a claim against the United States Department of the Interior, Bureau of Indian Affairs ("Settling Federal Agency"), by letter dated August 6, 2009 ("Claim Letter," attached as Exhibit B hereto), alleging that Settling Federal Agency is a PRP at the Site and is responsible for reimbursement of response costs incurred at the Site.

-1-

D.    Plaintiff, Settling Defendants, and Settling Federal Agency ("Parties") enter into this Consent Decree in order to settle the claims for reimbursement of response costs incurred or to be incurred at the Site, as alleged in the Complaint and the Claim Letter, without incurring the further time and expense of litigation.

E.    By entering into this Consent Decree, Settling Defendants and Settling Federal Agency ("Settling Parties") do not admit any liability arising out of the transactions or occurrences alleged in the Complaint and Claim Letter.

F.    Plaintiff and Settling Parties agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

**THEREFORE**, with the consent of the Parties to this Decree, **IT IS ORDERED, ADJUDGED, AND DECREED:**

## II.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over Settling Parties.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1395(a), and 42 U.S.C. § 9613(b), because the events giving rise to this action occurred in this district.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Parties waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Settling Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.    PARTIES BOUND

2.    This Consent Decree is binding upon the United States and upon Settling Defendants and their heirs, successors, and assigns.  Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or

-2-

personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

### IV.   DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "Defendant Williams" shall mean John M. Williams, Jr.

f. "Defendant Utilities" shall mean Arizona Public Service Co., the Salt River Project, Public Service Company of New Mexico, and El Paso Electric Co.

g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

-3-

i. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

j. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

k. "Parties" shall mean the United States and Settling Defendants.

l. "Plaintiff" shall mean the United States.

m. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral, unless used in the context of a statutory or regulatory citation or with reference to a work unit of DOJ.

n. "Settling Defendants" shall mean Defendant Williams and Defendant Utilities.

o. "Settling Federal Agency" shall mean the United States Department of the Interior.

p. "Settling Parties" shall mean Defendant Williams, Defendant Utilities, and Settling Federal Agency.

q. "Site" shall mean the Gila River Indian Reservation Removal Site, also referred to as the Gila River Boundary Site, comprised of approximately 18 acres of land, primarily within the Gila River Indian Community ("GRIC"), and located in Maricopa County, Arizona, as shown on the map included in Appendix A.

r. "United States" shall mean the United States of America and each of its departments, agencies and instrumentalities, including EPA and Settling Federal Agency.

## V.    STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of Plaintiff and the Settling Parties is for Settling Parties to make a cash payment to resolve their alleged civil liability for the Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, as provided in the Covenant by Plaintiff in Section VIII, subject to the Reservations of Rights by United States in Section IX, and as provided in the Covenants by Settling Defendants and Settling Federal Agency in Section X.

## VI.    REIMBURSEMENT OF RESPONSE COSTS

5. Within 30 days of the effective date of this Consent Decree, Defendant Williams agrees to pay a total of $145,000, plus accrued Interest for the period from the date the Court enters the Consent Decree through the date of payment, to the United States.

6. Within 30 days of the effective date of this Consent Decree, Defendant Utilities agree to pay a collective total of $172,500, plus accrued Interest for the period from the date the Court enters the Consent Decree through the date of payment, to the United States. Defendant Utilities shall be jointly and severally liable for payment of the collective payment amount of $172,500 plus accrued Interest.

7. Settling Defendants shall make payment at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of Arizona after the date of entry of the Consent Decree. The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU shall provide the payment instructions to: Bradley J. Glass, Esq., Gallagher & Kennedy, P.A., 2575 East Camelback Rd., Phoenix, Arizona 85016, (602)530-8000, brad.glass@gknet.com, on behalf of Defendant Williams; and Karilee S. Ramaley, SRP Legal Services Dept., Salt

River Project, PAB-300/ P.O. Box 52025, Phoenix, Arizona 95072-2025, (602) 236-2228, Karilee.ramaley@srpnet.com, on behalf of Defendant Utilities. Settling Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change in accordance with Section XIII (Notices and Submissions).

8. At the time of payment, Settling Defendants shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

Such notice shall reference the EPA Region and Site/Spill ID Number 09-63, DOJ case number 90-11-3-09420, and the civil action number.

9. As soon as reasonably practicable after the date of entry of this Consent Decree, the United States, on behalf of Settling Federal Agency, shall pay to EPA $145,000. The total amount to be paid by Settling Federal Agency shall be deposited by EPA in the EPA Hazardous Substance Superfund.

10. In the event that the payment required by Paragraph 9 is not made within 120 days after the date of entry, Interest on the unpaid balance shall be paid at the rate established pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), commencing on the 121st day after the date of entry and accruing through the date of the payment.

11. If the payment to EPA required by Paragraph 9 is not made as soon as reasonably practicable, the appropriate EPA Regional Branch Chief may raise any issues relating to payment to the appropriate DOJ Assistant Chief for the Environmental Enforcement Section. In any event, if this payment is not made within 120 days after the

date of entry of this Consent Decree, EPA and DOJ have agreed to resolve the issue within 30 days in accordance with a letter agreement dated December 28, 1998.

12. The Parties to this Consent Decree recognize and acknowledge that the payment obligations of Settling Federal Agency under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

13. Defendant Williams shall not be liable to the United States for Defendant Utilities' payment obligation under this Consent Decree, and Defendant Utilities shall not be liable to the United States for Defendant Williams's payment obligation under this Consent Decree. Failure of either Defendant Williams or Defendant Utilities to satisfy their payment obligation in a timely manner shall be a material breach of this Consent Decree as to that Settling Defendant only, and the United States reserves its rights to pursue any and all available remedies for such a breach.

**VII.   FAILURE TO COMPLY WITH CONSENT DECREE REQUIREMENTS**

14. Interest on Late Payments.

    a. If Defendant Williams fails to make any payment required under Paragraph 5 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

    b. If Defendant Utilities fail to make any payment required under Paragraph 6 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

    c. Settling Defendants shall make all payments required by this Paragraph in the manner described in Paragraphs 7 and 8 unless otherwise directed in writing by EPA.

15. Stipulated Penalty.

a. In addition to the Interest required by Paragraph 14 (Interest on Late Payments), any failure by Defendant Williams to make payment when due under Paragraph 5 subjects Defendant Williams to stipulated penalties of $2,500 per day for each day that the payment is late.

b. In addition to the Interest required by Paragraph 14 (Interest on Late Payments), any failure by Defendant Utilities to make payment when due under Paragraph 6 subjects Defendant Utilities to stipulated penalties of $2,500 per day for each day that the payment is late.

c. Stipulated penalties are due and payable to the United States within 30 days of the date of the demand for payment of the penalties by the United States. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by FedWire Electronic Funds Transfer to:

Federal Reserve Bank of New York
ABA = 021030004Account = 68010727SWIFT address = FRNYUS33
33 Liberty Street
New York NY 10045

Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental Protection Agency" and shall reference the CDCS Number, Site/Spill ID Number 09-63, and DOJ Case Number 90-11-3-09420.

d. At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268

-8-

1  Such notice shall reference the CDCS Number, Site/Spill ID Number 09-63, and DOJ
2  Case Number 90-11-3-09420.

3     e. At the time of payment of any stipulated penalties to the United
4  States, Settling Defendants shall send copies of check(s), and any accompanying
5  transmittal letter(s), to the United States, EPA, and the Regional Financial Management
6  Officer as provided in Section XIII (Notices and Submissions) of this Consent Decree.

7     f. Penalties shall accrue as provided in this Paragraph regardless of
8  whether EPA has notified Settling Defendants of the violation or made a demand for
9  payment, but need only be paid upon demand. All penalties shall begin to accrue on the
10 day after payment is due and shall continue to accrue through the date of payment.
11 Nothing herein shall prevent the simultaneous accrual of separate penalties for separate
12 violations of this Consent Decree.

13  16. If the United States brings an action to enforce this Consent Decree,
14 Settling Defendants shall reimburse the United States for all costs of such action,
15 including, but not limited to, costs of attorney time.

16  17. Payments made under this Section shall be in addition to any other
17 remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to
18 comply with the requirements of this Consent Decree.

19  18. Notwithstanding any other provision of this Section, the United States may,
20 in its unreviewable discretion, waive payment of any portion of the stipulated penalties
21 that have accrued to the United States pursuant to this Consent Decree. Payment of
22 stipulated penalties shall not excuse Settling Defendants from the payment obligation as
23 required by Section VI or from performance of any other requirements of this Consent
24 Decree.

25     **VIII. COVENANTS BY PLAINTIFF**

26  19. Covenant Not to Sue Settling Defendants by United States. Except as
27 specifically provided in Section IX (Reservation of Rights by United States), the United
28

-9-

States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site.  This covenant not to sue shall take effect with respect to Defendant Williams upon receipt by EPA of the payments required by Paragraph 5 (and Section VII, if applicable), and as to Defendant Utilities upon receipt by EPA of the payments required by Paragraph 6 (and Section VII, if applicable).  This covenant not to sue with respect to each Settling Defendant is conditioned upon the satisfactory performance by that Settling Defendant of its obligations under this Consent Decree.  These covenants extend only to Settling Defendants and do not extend to any other person.

20.   Covenant for Settling Federal Agency by EPA.  Except as specifically provided in Paragraph 21 (Reservation of Rights by United States), EPA covenants not to take administrative action against Settling Federal Agency pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site.  This covenant is conditioned upon receipt by EPA of the payment made on behalf of the Settling Federal Agency pursuant to Paragraph 9.  This covenant extends only to Settling Federal Agency and does not extend to any other person.

### IX.   RESERVATIONS OF RIGHTS BY UNITED STATES

21.   The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants – and EPA and the federal natural resource trustees reserve, and this Consent Decree is without prejudice to, all rights against Settling Federal Agency – with respect to all matters not expressly included within the Covenant by United States in Paragraph 19 and the Covenant by EPA in Paragraph 20.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants – and EPA and the federal natural resource trustees reserve, and this Consent Decree is without prejudice to, all rights against Settling Federal Agency – with respect to:

-10-

      a.      liability for failure of Settling Defendants or Settling Federal Agency to meet a requirement of this Consent Decree;

      b.      criminal liability;

      c.      liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

      d.      liability based on the ownership or operation of the Site by Settling Defendants or Settling Federal Agency when such ownership or operation commences after signature of this Consent Decree by Settling Defendants or by DOJ on behalf of Settling Federal Agency;

      e.      liability based on Settling Defendants' or Settling Federal Agency's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendants or by DOJ on behalf of Settling Federal Agency; and

      f.      liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

## X.  COVENANT BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCY

22.    <u>Covenants Not to Sue by Settling Defendants</u>.  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

      a.      any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.      any claim arising out of the response actions at or in connection with the Site, including any claim under the United States Constitution, the Constitution of the

-11-

State of Arizona, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

      c.    any claim against the United States, including any department, agency, or instrumentality of the United States, pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, Section 7002(a) of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a), or state or tribal law relating to the Site.

23.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

24.    Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against each other or any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

25.    <u>Covenant by</u> Settling Federal Agency. Settling Federal Agency agrees not to assert any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law with respect to the Site and this Consent Decree. This covenant does not preclude demand for reimbursement from the Superfund of costs incurred by Settling Federal Agency in the performance of its duties (other than pursuant to this Consent Decree) as lead or support agency under the National Contingency Plan (40 C.F.R. Part 300).

26.    Except as provided in Paragraph 24 (claims against other PRPs) and Paragraph 30 (res judicata and other defenses), the covenants in this Section shall not apply in the event the United States brings a cause of action or issues an order pursuant to

-12-

any of the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 21.a (claims for failure to meet a requirement of the Settlement Agreement) or 21.b (criminal liability), but only to the extent that Settling Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

27. Except as provided in Paragraph 24 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Paragraph 24 (claims against other PRPs), the Parties expressly reserve any and all rights (including, but not limited to, any rights pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

28. The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Settling Defendants and Settling Federal Agency are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State of

Arizona and the Gila River Indian Community; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 21.a (claims for failure to meet a requirement of the Decree) or 21.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

29.  Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  Each Settling Defendant also shall, with respect to any suit or claim brought against such Settling Defendant for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it.  In addition, each Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

30.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.  Nothing in this Paragraph obviates the covenant not to sue afforded by Section VIII, Covenants by Plaintiff.

## XII.  RETENTION OF RECORDS

31.  Until 5 years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all records, reports, or information (hereinafter

-14-

referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

32. After the conclusion of the 5-year document retention period in the preceding Paragraph, each Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, the individual Settling Defendant shall deliver any such records to EPA. A Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If a Settling Defendant asserts such a privilege, that Settling Defendant shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (e.g., company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. A Settling Defendant shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

33. Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and

122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

34. The United States acknowledges that Settling Federal Agency 1) is subject to all applicable Federal record retention laws, regulations, and policies; and 2) has certified that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

35. Except as expressly provided in this Consent Decree, the obligations within Section XII, Retention of Records, are severable.  The failure of one or more Settling Defendants to fulfill the obligations under Section XII, Retention of Records, under this Consent Decree does not prejudice the rights of any other Settling Defendant under this Consent Decree.

### XIII.   NOTICES AND SUBMISSIONS

36. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Settling Defendants in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, Settling Federal Agency, and Settling Defendants, respectively.

**As to the United States:**
As to DOJ and Settling Federal Agency:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-09420)
P.O. Box 7611
Washington, D.C.  20044-7611

As to EPA:
Assistant Director, Superfund Emergency Response Section
United States Environmental Protection Agency

Region IX
75 Hawthorne St.
San Francisco, CA 94105
Re: Gila River Indian Reservation Site

David Wood, Chief, Cost Accounting
United States Environmental Protection Agency
Region IX
75 Hawthorne St.
San Francisco, CA 94105
Re: Gila River Indian Reservation Site

**As to Settling Defendants:**
As to Defendant Williams:
Bradley J. Glass, Esq.
Gallagher & Kennedy, P.A.
2575 East Camelback Rd.
Phoenix, AZ 85016
 (602) 530-8000
brad.glass@gknet.com

As to Defendant Utilities:
Karen Gaylord
Salmon, Lewis & Weldon
2850 East Camelback Road, Suite 200
Phoenix, AZ  85016
(602) 801-9075
ksg@slwplc.com

### XIV.    RETENTION OF JURISDICTION

37.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

### XV.    INTEGRATION/APPENDICES

38.    This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Defendants with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those

-17-

expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the map of the Site

"Appendix B" is the letter from Defendant Williams asserting his claim for contribution against Settling Federal Agency.

### XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

39. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

40. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

### XVII. SIGNATORIES/SERVICE

41. Each undersigned representative of Settling Defendants, and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, or her delegate, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

42. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

43. Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII.   EFFECTIVE DATE

44. The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

## XIX.   FINAL JUDGMENT

45. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**IT IS SO ORDERED** this 30th day of June, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge

-19-